**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAMON CARLOS JUAREZ-RIOS,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-72441

Agency No. A091-516-702

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Ramon Carlos Juarez-Rios, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from a

decision of an immigration judge ("IJ") denying Juarez-Rios's motion to reopen.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo questions of law. *Pagayon v. Holder*, 675 F.3d 1182, 1189 (9th Cir. 2011). We dismiss the petition for review.

We lack jurisdiction to review the agency's decision to deny Juarez-Rios's motion to reopen, because Juarez-Rios's pleadings before the IJ establish that he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) and § 1227(a)(2)(B)(i) by reason of his conviction for possession of methamphetamine for sale. *See* 8 U.S.C. § 1252(a)(2)(C); *see also Pagayon*, 675 F.3d at 1189 (holding that a petitioner's pleading-stage admissions may be sufficient to establish removability). Juarez-Rios does not raise a colorable constitutional claim or question of law sufficient to restore our jurisdiction under 8 U.S.C. § 1252(a)(2)(D). *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) ("To be colorable in this context . . . , the claim [or question] must have some possible validity." (internal quotation marks and citation omitted)).

**PETITION FOR REVIEW DISMISSED.**